UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED

AUG 29 2018

U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18-cr-47-RLY/MPB |
| | ) | |
| HERNANY QUINTANA, | ) | -01 |
| EDWARD GIBBS, | ) | -02 |
| JENNIFER GIBBS, | ) | -03 |
| ROBERT WATERS, | ) | -04 |
| AUSTIN GIBBS, | ) | -05 |
| And | ) | |
| DONALD HEMMINGS, | ) | -06 |
| Defendants. | ) | |

## INDICTMENT

[21 U.S.C. § 846 – Conspiracy to Distribute Methamphetamine]

The Grand Jury charges that:

Beginning in or about, October 1, 2017, and continuing up to and through August 28, 2018, in the Southern District of Indiana, and elsewhere, HERNANY QUINTANA, EDWARD GIBBS, JENNIFER GIBBS, ROBERT WATERS, AUSTIN GIBBS, and DONALD HEMMINGS, defendants, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

1

**MANNER AND MEANS**

1.      EDWARD GIBBS ("E. GIBBS") was a leader and supervisor of the conspiracy to distribute and possess with the intent to distribute methamphetamine.    E. GIBBS would obtain large quantities of methamphetamine from his source of supply HERNANY QUINTANA ("QUINTANA").

2.      After acquiring the methamphetamine, E. GIBBS would then distribute the methamphetamine in the southern Indiana area to mid-level distributors.    Mid-level distributors within the organization included ROBERT WATERS ("WATERS). Mid-level distributors would then distribute the methamphetamine to low-level distributors or users. JENNIFER GIBBS ("J. GIBBS") sent money on behalf of E. GIBBS to QUINTANA and other sources of supply via delivery services as payment for the methamphetamine.

4.      Throughout the conspiracy, members of the conspiracy distributed the methamphetamine on a "front," wherein they provided quantities of methamphetamine on consignment to other methamphetamine distributors, receiving payment for the consigned methamphetamine after its sale by the other distributors.

5.      The defendants used telephones to facilitate the methamphetamine trafficking operation outlined herein.    During the course of the conspiracy, the defendants spoke on telephones, at times, using code language, and used text messages and emails to discuss matters relative to their methamphetamine trafficking operation.

6.      The defendants used motor vehicles to transport methamphetamine and United States currency constituting the proceeds of the sale of methamphetamine to and from the Southern Indiana area.

2

7.      Members of the conspiracy maintained sizeable amounts of cash to obtain quantities of methamphetamine or to pay for methamphetamine previously provided on consignment.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to possess with the intent to distribute and to distribute methamphetamine, the members of the conspiracy did commit, among others, the following overt acts:

1.      On or about March 12, 2018, J. GIBBS sent $1,800 in United States Currency via Federal Express to QUINTANA, and on behalf of E. GIBBS, for the purchase of methamphetamine.

2.      Between March 12, 2018 and March 22, 2018 E. GIBBS travelled to Kansas and obtained methamphetamine from QUINTANA.

3.      On a date prior to March 22, 2018, the exact date being unknown to the Grand Jury, E. GIBBS provided WATERS with approximately one (1) pound of methamphetamine on consignment.   WATERS agreed to return $17,600 in United States Currency to E. GIBBS for the purchase of the methamphetamine after WATERS distributed the methamphetamine.

4.      On March 22, 2018, E. GIBBS and J. GIBBS possessed with the intent to distribute approximately 29.6 ounces of a mixture or substance containing a detectable about of methamphetamine in Perry County, Indiana.   On March 22, 2018, E. GIBBS and J. GIBBS were arrested in possession of the methamphetamine and approximately $10,095 in United States Currency.   Thereafter, E. GIBBS continued to supervise methamphetamine distribution activity by members of the conspiracy from the Perry County Jail.   E. GIBBS and

QUINTANA had multiple conversations via phone and email detailing the furtherance of the conspiracy by recruiting others to become engaged in the conspiracy, to receive and distribute methamphetamine on behalf of E. GIBBS, and to provide the methamphetamine distribution proceeds to E. GIBBS and/or QUINTANA. E. GIBBS and other members of the conspiracy also communicated by telephone to engage in activities in furtherance of the conspiracy.

5. On or about April 16, 2018, E. GIBBS instructed WATERS to pay off a portion of the debt E. GIBBS owed to QUINTANA, as well as to acquire methamphetamine from QUINTANA for distribution on E. GIBBS' behalf. WATERS travelled from Warrick County, Indiana to Kansas to meet QUINTANA. WATERS provided QUINTANA with a 4-wheeler belonging to E. GIBBS as a partial payment for methamphetamine previously provided to E. GIBBS on consignment by QUINTANA. QUINTANA supplied WATERS with approximately one (1) pound of methamphetamine for further distribution by members of the conspiracy.

6. On or about June 18, 2018, E. GIBBS instructed Person Number 1, a person known to the Grand Jury, to mail $500 to QUINTANA for the acquisition of methamphetamine. Person Number 1 mailed a package containing United States Currency from Illinois and it was received by QUINTANA in Kansas.

7. On or about June 25, 2016, E. GIBBS instructed HEMMINGS and A. GIBBS to travel from Spencer County, Indiana to Illinois to meet with Person Number 1. HEMMINGS and A. GIBBS obtained $2,500 in United States Currency from Person Number 1 at the direction of E. GIBBS. HEMMINGS and A. GIBBS then travelled to Kansas and met with QUINTANA. HEMMINGS and A. GIBBS supplied $2,000 in United States Currency to

4

QUINTANA as a down payment for methamphetamine. QUINTANA supplied HEMMINGS and A. GIBBS with approximately two (2) pounds of methamphetamine for further distribution by members of the conspiracy.

**FORFEITURE**

1.    Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2.    Pursuant to Title 21, United States Code, Section 853, if convicted of the offense set forth in the Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

3.    The property subject to forfeiture includes, but is not necessarily limited to, the following:

a.    approximately $9,077.00 in United States Currency located in the purse of J. Gibbs on or about March 22, 2018;

b.    approximately $1,018.00 in United States Currency located on the person of E. Gibbs on or about March 22, 2018.

4.    The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States

Code, Section 2461(c), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty.

5.  In addition, the United States may seek civil forfeiture of the property described above in paragraph 3 pursuant to Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

███████████████████████

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Frank E. Dahl III
Assistant United States Attorney

6